## ACTION IN TORT FOR CONSPIRACY.

Circuit Court of Cuyahoga County.

Marcus Friedman et al v. Walter E. Myers, Trustee in Bankruptcy of Jacob Protter.

Decided, December 9, 1907.

*Bankruptcy—Title of the Trustee—Actions which he may Maintain—Conspiracy—Pleading.*

A trustee in bankruptcy can not maintain an action in tort for conspiracy in assisting a bankrupt to place his property beyond the reach of his creditors, against persons who are alleged to have performed their acts of conspiracy during the pendency of the bankruptcy proceedings but before the adjudication therein, where no allegation is made that any of the defendants received any portion of the bankrupt's estate, and the sole result of the conspiracy is to turn the bankrupt's property into money in his hands which he himself failed to account for to his trustee.

Winch, J.; Henry, J., and Marvin, J., concur.

Error to the court of common pleas.

This was an action in tort, the defendant in error being plaintiff below. His petition sets forth the fact that he was the duly appointed trustee in bankruptcy of one Jacob Protter, against whom proceedings in involuntary bankruptcy were begun by the filing of a petition on the part of three of his creditors on the 24th day of October, 1902, the said Protter being adjudi-

cated a bankrupt on the 27th day of May, 1904, over a year and a half later. The petition sets forth at length a series of acts committed by the five defendants, S. S. Samuels, Adolph Eisenberg, Marcus Friedman, Louis Goodman and Simon A. Grossner in conspiracy with said Protter *during the pendency of said bankruptcy proceedings, but all consummated before the adjudication,* which are alleged to have been mere shams and devices to cover up goods of the value of $8,000 belonging to said Protter, and to place the same beyond the reach of his creditors, and to cheat and defraud said creditors of their just dues and damages. There is no allegation in the petition that said five named defendants received any part of said property nor that they have possession of any of it, though a suggestion is made that they were paid for their services in assisting in the scheme of concealing said property from the creditors of said Protter. The only inference to be drawn from the petition as to what became of the property, though that is not clearly stated, is that it was converted into money which Protter himself received.

A judgment is asked against the five conspirators in the sum of $8,000, the alleged value of the goods, which it is alleged, "by said wrongful acts of said defendants, in pursuance of said unlawful, wrongful and fraudulent purpose and conspiracy aforesaid, were diverted from the creditors of said Jacob Protter and from this plaintiff."

To this petition a general demurrer was interposed, which, we think, should have been sustained, for the following reasons:

No right of action against the defendants and in favor of the bankrupt, which would pass to his trustee in bankruptcy, ever existed. The so-called conspirators could not have been sued by Protter, for the result of the conspiracy was to benefit him by getting all his property into money in his hands. If this is not clear, still the right of action, if any, sounds in tort, and such rights do not pass to the trustee. Under Section 70, paragraph 6 of the bankruptcy act the trustee is vested with the bankrupt's "rights of action arising upon contract, or from the unlawful taking or detention of or injury to his property." An action, *ex delicto,* for conspiracy, such as we have here, does not pass

under the bankruptcy act to the trustee in bankruptcy. Citation of authorities on this point, and there are many of them, is not necessary, for the language of the act is clear.

Nor can it be said that the acts complained of were committed against the trustee or his property, though they are alleged to have been committed during the progress of the proceedings in bankruptcy, for they were all consummated before the adjudication.

Under Section 70 of the act, the trustee is "vested by operation of law with the title of the bankrupt, *as of the date he was adjudged a bankrupt.*" Such being the case, the acts complained of were committed before the trustee had any interest in the estate. Nor had he any lien upon the bankrupt's property or special interest therein antedating the adjudication upon which he might base this action. The *caveat,* arising upon the filing of the petition in bankruptcy, as suggested in the case of *Mueller* v. *Nugent,* 184 U. S., 1, has regard only to those causes of action which the act itself provides for, in Sections 67*e,* 70*a* (4) and 70*e* for the recovery of property of the debtor conveyed, transferred, assigned or encumbered in fraud of his creditors, or for the recovery of its value, from the person to whom it may have been transferred, or whoever may have received it.

By the sections referred to, the trustee is vested with the title to the property so transferred, as of date of the adjudication, and entitled to bring the actions mentioned, which are those of replevin and conversion, under which each fraudulent transferee would be liable for the value of the property to him transferred or by him received. The petition is not framed to bring it within the act, for there is no allegation that the defendants received any part of the property, and it seeks to hold them all jointly for the full value of the property of the bankrupt which it is alleged that they conspired to put beyond the reach of the creditors. As before stated, this action is strictly *ex delicto,* and we find no warrant in the bankruptcy act for its maintenance in any court by a trustee in bankruptcy, and without such warrant the action must fail, for no wrong was done the trustee, as such, nor his property.

This conclusion makes it unnecessary to examine the other errors complained of.

For error in overruling the demurrer to the petition the judgment is reversed and vacated, and the cause remanded to the court of common pleas with directions to sustain said demurrer.

*Herman Preusser, F. J. Wing* and *A. Hahn,* for plaintiffs in error.

*White, Johnson, McCaslin & Cannon* and *A. B. Thompson,* for defendants in error.